# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DALTON BELL,                   No. CIV S-07-2594-FCD-CMK-P

    Petitioner,

 vs.                                  ORDER

USA, et al.,

    Respondents.

_____/

    Petitioner, a federal prisoner currently incarcerated at the United State Penitentiary in Tucson, Arizona, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition indicates he is bringing this petition "on behalf of ALL current and past federal prisoners (since 1948) whose cases originated in, or who are located within the jurisdiction of, this judicial court."

    28 U.S.C. § 2243, provides for summary dismissal of a habeas petition if "it appears from the application that the applicant . . . is not entitled" to relief. In the instant case, it is plain that petitioner is not entitled to relief under 28 U.S.C. § 2241. Petitioner is not specifically challenging his own conviction. Instead he states he is filing this petition as a "Next Friend" on behalf of the other prisoners. The basis for his petition is his allegation of defectively

passed congressional legislation.

To the extent petitioner is challenging his own conviction, he has brought that challenge in the wrong court. A prisoner must bring a motion to set aside his conviction under 28 U.S.C. § 2255 in the district where he was convicted. Although he does not indicate in his petition where he was convicted, petitioner was not convicted in this district. He therefore cannot bring a motion to set aside his conviction under § 2255 in this court.

To the extent petitioner is challenging the conviction of his fellow prisoners, he lacks standing to do so. Petitioner claims he is filing this action as a "next friend" but fails to establish standing. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). Before being granted "next friend" standing, the proposed "next friend"

> must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and . . . [he] must have some significant relationship with the real party in interest.

Id. (citations omitted). Further, the "next friend" carries the burden to clearly establish the propriety of his status to justify the jurisdiction of the court. See id.

Plaintiff fails to establish standing to act as "next friend" in this action. He not only fails to establish the propriety of his status, he fails to even allege the necessary standing. Nowhere in his petition does he state that the real party in interest cannot appear on his own behalf, nor does he state he has any kind of significant relationship with the real party in interest. In fact, he does not even identify an individual on whose behalf he is acting. Stating he is acting on behalf of all the other federal prisoners is not sufficient. He therefore does not have standing to bring this petition as a "next friend" on behalf of any other prisoner. It is therefore appropriate to summarily dismiss his petition.

This matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules. In his February 11, 2008 filing, petitioner objected to the

1 magistrate judge's involvement in this matter, and has "request[ed] the case be heard entirely by
2 an Article III Judge." As this case is subject to summary dismissal for failure to state a claim,
3 petitioner's request for retention is moot.

4       Finally, petitioner was ordered, on December 19, 2007, to complete an application
5 for leave to proceed in forma pauperis or pay the appropriate filing fee within 30 days.
6 Petitioner filed a response on January 15, 2008, stating he requested the prison deduct the filing
7 fee from his trust account and forward the payment to the court, but the prison failed to comply.
8 Petitioner was provided additional time to resolve fees, but to date has yet to do so.[1]  Therefore,
9 this case may also be dismissed for lack of prosecution and failure to comply with court rules
10 and orders.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Ferdik v. Bonzelet,
11 963 F.2d 1258, 1260-61 (9th Cir. 1992).

12       Accordingly, IT IS HEREBY ORDERED that:

13     1.   To the extent petitioner requests "next friend" status in which to proceed
14 in this matter on behalf of all federal prisoners, that request is denied;

15     2.   Petitioner's petition for a writ of habeas corpus is summarily dismissed
16 for lack of standing; and

17     3.   The Clerk of the Court is directed to enter judgment and close this case.

18 DATED: October 17, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner did inform the court on February 11, 2008 that he continued to have difficulty with the prison, who he claims refused to pay the filing fee out of his account. However, he has not asked for any additional time in which to comply with the court's order, nor has he requested in any other relief from the court's prior orders.